UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Grant E. Ebbing,   Case No. 3:24-cv-2069

    Plaintiff,

v.   ORDER

Angel Daniel Martinez Cruz, et al.,

    Defendants.

On November 26, 2024, Defendant Standard Insurance removed this action from the Mercer County, Ohio Court of Common Pleas, alleging it was "removable pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1441(c)." (Doc. No. 1 at 3). With this, Standard correctly explained the § 1441(c) standard and asserted the claim against it – Count Eleven of the Complaint, (Doc. No. 1-2 at 27-29) – "arises under the laws of the United States because it is governed by ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B)." (Doc. No. 1 at 3). Standard then asserted that the claims against the remaining Defendants were not within this Court's original or supplemental jurisdiction, and therefore, should be severed from the federal claim and remanded to state court following removal pursuant to 28 U.S.C. § 1441(c)(2). (*Id.* at 3, 8-9).

Since this action was removed, no formal motion to sever and remand, in part, has been filed. Instead, only Defendant Angel Daniel Martinez Cruz has filed a motion to remand this case seemingly in full, arguing removal was "improper because Defendant Standard Insurance Company did not secure the consent of the co-defendant prior to filing its notice of removal and Defendant Angel Daniel Martinez Cruz does not consent to the removal under the 'Rule of Unanimity'." (Doc.

No. 9 at 1). But, as correctly stated by Standard in the Notice of Removal, "'Only defendants against whom a [federal question] claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1) [of §1441(c)].'" (Doc. No. 1 at 10 (quoting 28 U.S.C. §1441(c)(2))). Cruz does not allege any claim against any Defendant other than Standard "arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title)." 28 U.S.C. § 1441(c)(1)(A). Accordingly, I reject his argument regarding improper removal due to lack of consent. Further because his motion to remand is based on this argument alone, his motion to remand must be denied. (Doc. No. 9).

With this, I return to the matter of severance and partial remand. While no motion for this relief has been filed, no objection to this request in the Notice of Removal has been filed either. Still, before granting the request as unopposed, I grant the parties a brief window in which to file any objection to remanding all claims other than that alleged against Standard. Any objection to this effect shall be filed no later February 13, 2025, and must be sufficiently supported by relevant facts and applicable law. No objection shall exceed five (5) pages in length. If no objection is filed by any party, Plaintiff's claims against all other Defendants will be remanded to the Mercer County, Ohio Court of Common Pleas.

Finally, I grant Standard's third unopposed motion for an extension of time to file their response to Plaintiff's Complaint. Standard shall file its Answer or otherwise respond to the Complaint on or before February 13, 2025. Any further motion to extend this deadline should be filed at least two days prior to the deadline and propose a new deadline by which it will realistically be prepared to respond to the Complaint.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge